8 So.3d 352 (2008)
Ex parte Michael SALE.
(In re Michael Sale
v.
State of Alabama).
1071283.
Supreme Court of Alabama.
October 31, 2008.
Bryan A. Stevenson, Randall S. Susskind, and Robert A. Singagliese, Equal Justice Initiative, Montgomery, for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Crim.App., 8 So.3d 330.
LYONS, Justice.
WRIT DENIED. NO OPINION.
SEE, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.
COBB, Chief Justice (dissenting).
I respectfully dissent from the denial of this petition for a writ of certiorari. I believe that the petition is procedurally sufficient, particularly in the context of a death-penalty case reviewed under the plain-error standard,[1] to assert grounds for review as to two issues. First, I believe that this Court should grant Sale's *353 petition to further examine the issue whether Sale was denied a fair trial and the protections afforded by Ala.Code 1975, § 13A-5-54, when the trial court failed to stop the proceedings for a day when Sale's lead counselthe only fully experienced counsel available to Salewas ill and unable to attend court. Second, I believe that the Court should grant Sale's petition in order to examine whether the trial court violated Rule 16.2(d), Ala. R.Crim. P., in ordering the forensic psychologist who had been appointed to assist the defense in trial preparation and to be a witness at trial to surrender his interview notes to the prosecution, and, if so, whether that error rose to the level of plain error.
NOTES
[1] See Rule 39(a)(2)(D), Ala. R.App. P.